IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
SALINA DIVISION

| | | |
|---|---|---|
| ACRES APARTMENTS, L.L.C.; <br> CAMPINA VISTA, L.L.C.; <br> GARDEN GROVE APARTMENTS, L.L.C.; <br> HERITAGE APARTMENTS OF <br> HUTCHINSON, LLC; <br> 3200 GARDEN GROVE, L.L.C.; <br> SIERRA SQUARE APARTMENTS, L.L.C.; <br> SIERRA WAY, L.L.C.; AND <br> WINDSOR APARTMENTS, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> THIRD COAST INSURANCE COMPANY, <br><br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. _____ <br><br><br><br> Removed from the 28th Judicial <br> District Court of Saline County, <br> Kansas. |

**DEFENDANT THIRD COAST INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Third Coast Insurance Company ("Third Coast") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the 28th Judicial District Court of Saline County, Kansas, to the United States District Court for the District of Kansas, Salina Division, and, in support thereof, shows the Court as follows:

### I.     PROCEDURAL BACKGROUND

1.     On September 12, 2023, Plaintiffs Acres Apartments, L.L.C., Campina Vista, L.L.C., Garden Grove Apartments, L.L.C., Heritage Apartments of Hutchinson, LLC, 3200 Garden Grove, L.L.C., Sierra Square Apartments, L.L.C., Sierra Way L.L.C., and Windsor Apartments, LLC (collectively, the "Plaintiffs") filed their "Petition Pursuant to K.S.A Chapter 60" (the "Petition") against Third Coast in the 28th Judicial District Court of Saline County, Kansas, bearing Cause No. SA-2023-CV-000180 (the "State Court Action"). True and correct

1

copies of the State Court Action Case Summary and Petition are attached hereto as Exhibits 1 and 2. The Petition names Third Coast as the only defendant. *See* Ex. 2.

2. The State Court Action involves a first-party insurance coverage dispute in which Plaintiffs assert a breach of contract claim against Third Coast concerning the scope and amount of alleged damages from multiple wind and/or hailstorm events occurring at multiple properties owned by the Plaintiffs and insured under Policy Nos. PROP-STR7-032051-20 and PROP-STR6-029901-20 (the "Policies"), issued to Named Insured "Marvin Johnson dba Windsor Apartments LLC etal."

3. On September 14, 2023, Third Coast was served with the Summons and Petition in the State Court Action by personal service. A true and correct copy of the Return of Service is attached hereto as Exhibit 3.

4. To date, Third Coast has not answered or otherwise responded to the Petition in the State Court Action. *See* Ex. 1.

5. Third Coast timely files this Notice of Removal in this Court within thirty (30) days after it was served on September 14, 2023, with the initial pleading (i.e., the Petition) electronically filed in this matter on September 12, 2023. *See* 28 U.S.C. § 1446(b)(2)(B); *see also* Exs. 1-3.

6. The United States District Court for the District of Kansas, Salina Division, is the appropriate court for filing this Notice of Removal since the 28th Judicial District Court of Saline County, Kansas, where the State Court Action is currently pending, is within this Court's jurisdiction. *See* 28 U.S.C. §§ 116(c), 1446(d); *see also* D. Kan. Rule 81.1(b).

7. The United States District Court for the District of Kansas, Salina Division, has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because this action is

between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## II.     BASIS FOR REMOVAL

8. Third Coast files this Notice of Removal pursuant to 28 U.S.C. § 1446(b), which permits removal based on diversity jurisdiction. Section 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction. *See* 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy among the parties exceeds $75,000.00, exclusive of interest and costs. These two conditions are satisfied in this matter.

9. Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

10. Accordingly, the district courts of the United States have original jurisdiction over this action based on complete diversity between parties, in that Third Coast is now, and was at the time the action was commenced, diverse in citizenship from Plaintiffs. Third Coast is neither now nor at the time the suit commenced, a citizen of the State of Kansas.

11. There is no dispute that Plaintiffs have alleged damages in excess of $75,000.00. *See* Ex. 2.

12. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, Third Coast is properly removing this case to federal court.

### III.    ARGUMENTS AND AUTHORITIES

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Third Coast.**

13.    Upon information and belief and employing publicly available information from the Kansas Secretary of State, all Plaintiffs are now and were at the time of filing limited liability companies organized under the laws of the State of Kansas with their principal places of business in Kansas. *See* Ex. 2, ¶¶ 1-8, pp. 1-3.

14.    Limited liability companies are treated the same as partnerships for diversity jurisdiction purposes, and, therefore, courts look to the citizenship of each member of the company to determine if complete diversity of citizenship exists. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[A]n LLC is an unincorporated association or proprietorship. Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal court must include all the entities members.").

15.    Upon information and belief and employing publicly available information from the Kansas Secretary of State, Plaintiffs have one member: Marvin G. Johnson. True and correct copies of Plaintiffs' Limited Liability Company Annual Reports submitted to the Kansas Secretary of State, dated and executed on March 10, 2023, are collectively attached hereto as Exhibit 4.[1]

16.    Under federal law, a person's citizenship is based on where he or she is domiciled, i.e., where he or she resides and intends to remain. Upon information and belief and employing publicly available information from the Kansas Secretary of State, Marvin G. Johnson is a citizen

---

[1] According to a Name Change Amendment submitted to the Kansas Secretary of State on July 17, 2019, Plaintiff 3200 Garden Grove, L.L.C.'s entity name was amended to "Ridgewood Apartments, L.L.C."

of the State of Kansas because he resides and intends to remain in the State of Kansas. *See* Ex. 4; *see also* Westlaw PeopleMap Report (Basic), Ex. 5.[2]

17. Therefore, at the time this action commenced, at present, and at all times material to this action, Plaintiffs were citizens of the State of Kansas for diversity jurisdiction purposes.

18. Third Coast is a foreign citizen. It is presently a corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin and was a corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin at the time this action was commenced. Pursuant to 28 U.S.C. § 1332(c), a corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. Therefore, Third Coast was at the time this lawsuit was filed, and is now, a citizen of Wisconsin, for diversity jurisdiction purposes. As noted, Third Coast is the only defendant in this lawsuit.

19. Since Plaintiffs are citizens of the State of Kansas, and Third Coast is a citizen of the State of Wisconsin, complete diversity of citizenship exists, making removal proper.

**B.    Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.00.**

20. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *See Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014), on other grounds.

---

[2] Third Coast identified Plaintiffs' member from the Kansas Secretary of State at https://www.kansas.gov/bess/flow/main?execution=e4s3. Additional information on Plaintiff's member (i.e., Marvin G. Johnson) was obtained through a Westlaw PeopleMap Report (Basic), obtained at https://1.next.westlaw.com/Browse/Home/PublicRecords?transitionType=Default&contentData=(sc.Default).
Attached for the Court's reference as Exhibits 4 and 5 are true and correct copies of Kansas Secretary of State filings and certain pages of the Westlaw PeopleMap Report obtained on Plaintiff's sole member, Marvin G. Johnson. Per Rule 201(c)(2) of the Federal Rules of Evidence, Third Coast respectfully requests that the Court take judicial notice of the publicly available information obtained through the Kansas Secretary of State and Westlaw regarding the identity and citizenship of Plaintiffs and their sole member, Marvin G. Johnson.

21. Plaintiffs' Petition affirmatively states that Plaintiffs "seek judgment against [Third Coast] for damages in the current total amount of $1,749,158.98." *See* Petition, Ex. 2, p. 27. Thus, based on the sum alleged in Plaintiffs' Petition, the amount in controversy exceeds $75,000.00.

22. Because the amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000.00, the jurisdictional threshold is met, and removal is proper.

## IV.    CONCLUSION

23. Since this action is wholly between citizens of different states, as described herein, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, the Court has subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). As such, removal is proper.

24. Pursuant to 28 U.S.C. § 1446(d) and D. Kan. Rule 81.1(c), a true and correct copy of this Notice of Removal will be timely filed with the clerk of the 28th Judicial District Court of Saline County, Kansas, where the State Court Action is currently pending, and served electronically upon all adverse parties promptly thereafter.

25. As required by 28 U.S.C. § 1446(a) and D. Kan. Rule 81.2, true and correct copies of the pleadings and other papers filed in the State Court Action are attached to (or filed contemporaneously with) this Notice of Removal and/or will be filed with the clerk of the court within twenty-one (21) days after filing this Notice of Removal:

(1) Docket Sheet in the State Court Action;
(2) Plaintiffs' Petition, dated and electronically filed Sept. 12, 2023;
(3) Summons, electronically filed Sept. 12, 2023 and electronically signed Sept. 13, 2023; and
(4) Return of Service, executed Sept. 14, 2023 and electronically filed Sept. 15, 2023.

26. Third Coast reserves the right to supplement and/or amend this Notice of Removal. Moreover, Third Coast hereby reserves any and all defenses, and the filing of this Notice of Removal is subject to and without waiver of any and all defenses.

THEREFORE, Defendant Third Coast Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446, and in accordance with this Court's Local Rules, removes the case styled *Acres Apartments, L.L.C., et al. v. Third Coast Insurance Company*, Cause No. SA-2023-CV-000180, from the 28th Judicial District Court of Saline County, Kansas to the United States District Court for the District of Kansas, Salina Division, and asks that this Court enter any orders as may be necessary and appropriate.

Dated October 5, 2023.

Respectfully submitted,

*/s/ Christopher M. Harper*
Christopher M. Harper   #23273
Kansas Bar No. 23273
FRANKE SCHULTZ & MULLEN, PC
8900 Ward Parkway
Kansas City, Missouri 64114
T: (816) 421-7100
F: (816) 421-7915
charper@fsmlawfirm.com

-and-

*/s/ Brannon C. Dillard*
Brannon C. Dillard – ***admission pending***
Texas Bar No. 24043634
Stephen E. Holombek – ***admission pending***
Texas Bar No. 24132190
SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Telephone: (832) 415-1801
Facsimile: (832) 565-9030
bdillard@shackelford.law
sholombek@shackelford.law

*ATTORNEYS FOR DEFENDANT*
*THIRD COAST INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of October, 2023, the above document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Norman R. Kelly, Esq.
NORTON, WASSERMAN, JONES & KELY, L.L.C.
213 S. Santa Fe
P.O. Box 2388
Salina, Kansas 67402-2388
nrk@nwjklaw.com

*ATTORNEYS FOR PLAINTIFFS*

                                                  */s/ Christopher M. Harper*
                                                  Christopher M. Harper